**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

GARY WAYNE JOHNSON,
:
    Petitioner,                         Case No. 3:05-cv-255

:         District Judge Walter Herbert Rice
   -vs-                                 Chief Magistrate Judge Michael R. Merz

T. BRUNSMAN, Warden,
:
    Respondent.

**REPORT AND RECOMMENDATIONS**

      This is a habeas corpus case brought pursuant to 28 U.S.C. §2254 by Petitioner Gary Wayne Johnson. Mr. Johnson was convicted in the Montgomery County Common Pleas Court of attempted rape, abduction, and domestic violence. He raises one claim for relief:

> **Ground One:** The evidence was not sufficient under Ohio law to convict Petitioner of instant offenses and thereby violating the XIV Amendment to the U. S. Constitution.
>
> **Supporting Facts:** The State of Ohio failed to meet its constitutional burden of proof of guilt as to every element of the crimes.

Petition, Doc. No. 1 at 5.

      After his conviction by a jury and sentence to five years imprisonment, Petitioner appealed to the Montgomery County Court of Appeals raising one assignment of error, to wit, that the convictions were against the manifest weight of the evidence. In an opinion by Judge Thomas Grady, the Court of Appeals unanimously rejected that assignment of error and affirmed the conviction. *State v. Johnson*, 155 Ohio App. 3d 417, 801 N. E. 2d 538 (Ohio App. 2d Dist. 2004).

The Ohio Supreme Court, although it granted leave to file a delayed appeal, then declined to review the case. *State v. Johnson,* 103 Ohio St. 3d 1404, 812 N.E. 2d 1287 (2004).

The Ohio Supreme Court denied the appeal August 4, 2004. Therefore the conviction became final ninety days later when the time for filing a petition for certiorari with the United States Supreme Court expired. Petitioner filed in this Court on July 19, 2005. The Petition is therefore timely filed within the one-year statute of limitations adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

The claim for relief which Petitioner makes here is a cognizable habeas corpus claim. An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368  (1970); *Johnson v. Coyle*, 200 F. 3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F. 2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319. This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

However, this is not the same claim Petitioner made in the Ohio courts.  That is, a claim that a verdict is against the manifest weight of the evidence is different from a claim that there is insufficient evidence to support the verdict.  In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review for manifest weight.   It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a a  denial of due process.  *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.  Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief."
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth **547 juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.  *See, also, State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The   court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.")

78 Ohio St. 3d at 387.  In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader.  The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶ 3 of the syllabus.  The consequences of the distinction are important for a criminal defendant.  The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause.  *Tibbs v. Florida*, 457 U.S. 31, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982).

A petitioner may not present a claim to the federal courts in habeas corpus which he has procedurally defaulted in presenting to the state courts.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default.

*Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F. 3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986);  *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982);  *Wainright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).  *Wainright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Mapes v. Coyle,* 171 F. 3rd 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F. 3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

> As is well-established (although sometimes muddled by courts), two types of procedural barriers might preclude federal review of claims in a habeas petition. The first type, procedural default, is a judicially created rule, grounded in fealty to comity values and requiring federal courts to respect state court judgments that are based on an "independent and adequate" state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 732, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground). In procedural default cases, the state court or courts reject a direct or post-conviction appeal because the defendant failed to comply with some state law or rule concerning timeliness, pleading requirements,

> sufficient evidence, or the like.
>
> The second type of bar, exhaustion, is similarly grounded in respect for state court procedures, but it is federally mandated by AEDPA, see 28 U.S.C. § 2254(b)(1)(A), (c), and requires petitioners to give state courts a "fair opportunity" to assess petitioners' claims. O'Sullivan, 526 U.S. at 844. Often, federal courts will rule that a petitioner's claim is "defaulted" because the petitioner failed to exhaust his remedies and the time for refiling an appeal in the state court has passed. The unexhausted claim is then classified as "procedurally defaulted" and deemed forfeited absent a showing of cause and prejudice. *See In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000). . . .
>
> But exhaustion and procedural default are distinguishable in an important sense. A defendant could fail to exhaust a claim without procedurally defaulting if he could return to the state courts to exhaust. Alternatively, as in this case, the defendant could fail to exhaust without defaulting if a clarification in procedural law indicates that he has already taken the necessary action to exhaust. That is, forfeiture by failure to exhaust entails a legal fiction, of sorts. The state court has not rejected an appeal based on a state rule violation; there is no declaration by the state court of an independent and adequate state ground to which the federal court must defer. Instead, the federal court makes a presumption that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it. But, by declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing. The federal court then views the claim through the lens of procedural default to determine whether there is cause and prejudice to excuse the default. In short, the crux of forfeiture by failure to exhaust is that the federal court's default decision rests upon a presumption about what the state court would do, rather than respect for what a state court actually did.

*Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 186-187 (6th Cir., 2004).

Petitioner never presented his claim of insufficiency of the evidence to the state courts. Because it is a claim which could have been raised on direct appeal, he cannot now raise it in the Ohio courts; it is barred by the doctrine of *res judicata* applicable in criminal cases in Ohio. *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). See also *State v. Cole*, 2 Ohio St. 3d 112, 443

N.E. 2d 169, 170 (1982); *State v. Duling,* 21 Ohio St. 2d 13, 254 N.E. 2d 670 (1970). The *Perry* rule has been repeatedly upheld in the Sixth Circuit as an adequate and independent state rule. *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied*, 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F. 3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

Because Petitioner procedurally defaulted in his presentation of his claim in the Ohio court system, he is barred from presenting it here. His Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, he should be denied a certificate of appealability and leave to appeal *in forma pauperis*.

July 20, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Johson v. Brunsman 01.wpd