IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY WAYNE JOHNSON,                    :

    Petitioner,                             :

                                                   Case No. 3:05cv255

    vs.                                      :

                                  JUDGE WALTER HERBERT RICE

TIMOTHY BRUNSMAN, WARDEN,      :

    Respondent.                          :

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #3) AND SUSTAINING PETITIONER'S OBJECTIONS (DOC. #4) THERETO; CAPTIONED CAUSE RECOMMITTED

Petitioner brings this action seeking a writ of habeas corpus.  In his single claim, he argues that, during his trial in Montgomery County Common Pleas Court, his convictions for attempted rape, abduction and domestic violence were not supported by constitutionally sufficient evidence, i.e., he claims insufficiency of evidence.  See Doc. #1.  The United States Magistrate Judge has recommended that this Court dismiss this request for a writ of habeas corpus, because the Petitioner failed to exhaust his claim in state court.  See Doc. #3.  This case is now before the Court on the Petitioner's Objections to the Report and Recommendations of the United States Magistrate Judge.  See Doc. #4.  For reasons which follow, this Court sustains the Petitioner's Objections.

In Whiting v. Burt, 395 F.3d 602 (6th Cir. 2005), the Sixth Circuit restated the principles which must be applied to determine whether a federal constitutional claim has been exhausted:

> As a necessary component of the exhaustion of state remedies doctrine, a petitioner's claim must be "fairly presented" to the state courts before seeking relief in the federal courts. Baldwin v. Reese, 541 U.S. 27 (2004); Picard v. Connor, 404 U.S. 270, 275 (1971). It is sufficient if "the substance of a federal habeas corpus claim" be presented to the state courts, and there are instances in which "the ultimate question for disposition" will be the same despite variations in the legal theory or factual allegations urged in its support. Picard, 404 U.S. at 277-78. In our Circuit, in making a determination of whether the petitioner has properly asserted both the factual and legal basis for his claim, there are four actions a petitioner can take which are significant to the determination of whether a claim has been "fairly presented:"
>> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.
>
> McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)(citing Franklin v. Rose, 811 F.2d 322, 326 (6th Cir. 1987)), cert. denied, 532 U.S. 958 (2001).

Id. at 612-13.

Herein, the Magistrate Judge's conclusion that the Petitioner has failed to exhaust his claim that the state failed to introduce constitutionally sufficient evidence to sustain his convictions is predicated on two propositions, to wit: 1) that, under Ohio law, there is a difference between arguing that the evidence is legally insufficient and that the verdict is against the manifest weight of the evidence (see Doc. #3 at 3-4); and 2) that the Petitioner argued before the Montgomery County Court of Appeals only that the verdicts were against the manifest weight of the evidence (id. at 1). With the first premise, this Court

cannot disagree.  See e.g., State v. Smith, 80 Ohio St.3d 89, 113, 684 N.E.2d 668, 691 (1997) (discussing difference between review of the sufficiency of the evidence and whether the verdict is against the manifest weight of the evidence), cert. denied, 523 U.S. 1125 (1998).  However, based upon the fact that the record from the Petitioner's prosecution has not been filed, this Court cannot now agree with the Magistrate Judge's second premise.  That premise appears to be predicated upon the statement by court of appeals that the sole assignment of error was "'[t]he verdict of the jury was against the manifest weight of the evidence.'" State v. Johnson, 155 Ohio App.3d 417, 420, 801 N.E.2d 538, 541 (2003).  Simply stated, identifying the error assigned by Petitioner before the Montgomery County Court of Appeals does not necessarily mean that he failed to fairly present his federal constitutional claim to that state court, within the meaning of Whiting v. Burt, supra, even though that constitutional claim was not expressly raised in the assignment of error.  Rather, resolving the question of whether Petitioner's claim was fairly presented must await the examination of the record, such as the briefs the Petitioner's counsel filed with the Montgomery County Court of Appeals.

      Accordingly, the Court sustains the Petitioner's Objections (Doc. #4) to the Report and Recommendations of the Magistrate Judge (Doc. #3).  This matter is recommitted to that judicial officer.

January 31, 2008

                                            /s/ Walter Herbert Rice
                                           WALTER HERBERT RICE, JUDGE
                                           UNITED STATES DISTRICT COURT

- 4 -

Copies to:

Gary Johnson, Pro Se
Judge Michael R. Merz.