# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GARY WAYNE JOHNSON,

    Petitioner,   :   Case No. 3:05-cv-255

    -vs-   :   District Judge Walter Herbert Rice
        Chief Magistrate Judge Michael R. Merz

T. BRUNSMAN, Warden,

    Respondent.   :

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pursuant to 28 U.S.C. §2254 by Petitioner Gary Wayne Johnson, is before the Magistrate Judge on recommittal from District Judge Walter Herbert Rice (Doc. No. 6).

Mr. Johnson was convicted in the Montgomery County Common Pleas Court of attempted rape, abduction, and domestic violence. He raises one claim for relief:

> **Ground One:** The evidence was not sufficient under Ohio law to convict Petitioner of instant offenses and thereby violating the XIV Amendment to the U. S. Constitution.
>
> **Supporting Facts:** The State of Ohio failed to meet its constitutional burden of proof of guilt as to every element of the crimes.

Petition, Doc. No. 1 at 5.

In the Report and Recommendations filed upon initial review under Rule 4 of the Rules Governing § 2254 Cases, the Magistrate Judge recommended dismissal on the ground that Petitioner had not fairly presented his federal habeas claim to the state courts and had thus procedurally

defaulted on the claim (Report and Recommendations, Doc. No. 3).

After his conviction by a jury and sentence to five years imprisonment, Petitioner appealed to the Montgomery County Court of Appeals raising one assignment of error, to wit, that the convictions were against the manifest weight of the evidence. In an opinion by Judge Thomas Grady, the Court of Appeals unanimously rejected that assignment of error and affirmed the conviction. *State v. Johnson*, 155 Ohio App. 3d 417, 801 N. E. 2d 538 (Ohio App. 2d Dist. 2004). The Ohio Supreme Court, although it granted leave to file a delayed appeal, then declined to review the case. *State v. Johnson,* 103 Ohio St. 3d 1404, 812 N.E. 2d 1287 (2004).

While noting that the claim for relief which Petitioner makes here – insufficiency of the evidence – is a cognizable habeas corpus claim, the Report noted the critical distinction between that claim and the manifest weight of the evidence claim which Petitioner made in the Montgomery County Court of Appeals. In sustaining Petitioner's Objections and recommitting the case, Judge Rice noted that this determination cannot be made from the Court of Appeals decision alone. Rather he noted that in *Whiting v. Burt*, 395 F.3d 602 (6th Cir. 2005), the court held there are four actions a petitioner can take which are significant to the determination of whether a claim has been "fairly presented:"

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Id.* at 612-13, quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)(citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). Because the Court could not decide whether the insufficiency of the evidence claim was fairly presented to the state courts from the records then

before it, the Magistrate Judge ordered Respondent to file an Answer which Respondent did on May 12, 2008 (Doc. No. 10). The Court also allowed Petitioner until June 5, 2008, to file a reply to the Answer, but none has been filed.

## Procedural Default

In his Answer and Return of Writ, Respondent raises the defense of procedural default, asserting that Petitioner failed to fairly present his insufficiency of the evidence claim to the state courts.

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485,

106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d*,* at 138.

The state procedural rule involved here is the requirement to present an assignment of error

to the Ohio Court of Appeals in order to obtain a decision on that assignment of error. While the Ohio courts have never had an opportunity to enforce this rule as to Mr. Johnson's insufficiency of the evidence claim, there is little doubt that they would do so now if he attempted to present the question to them. Ohio strictly enforces its rule of criminal *res judicata*. *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). The *Perry res judicata* rule has been repeatedly upheld in the Sixth Circuit as an adequate and independent state rule. *Mason v. Mitchell,* 320 F.3d 604, 628 (6th Cir. 2003); *Coleman v. Mitchell,* 268 F.3d 417, 429 (6th Cir. 2001); *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

Although he has not filed a reply, Petitioner asserted in his Objections to the earlier Report that he had satisfied the fair presentation rule:

> In this case, petitioner presented the substance of his federal question before every stage of the state judiciary. Petitioner argued in his appellate brief to the Ohio Court of Appeals manifest weight of the evidence along with questioning the sufficiency of the evidence by assigning the issue of whether the state proved each and every element of the crimes charged.

(Objections. Doc. No. 4, at 4.)

The Respondent has filed Petitioner's Brief on appeal. The only Assignment of Error pled was "[t]he verdict was against the manifest weight of the evidence." Counsel began the argument by stating: "[i]t is respectfully submitted that the verdict of the jury was against the manifest weight of the evidence. It is respectfully submitted that the State of Ohio did not meet their [sic] burden as to any of the indicted offenses and that therefore, the verdicts should be reversed." (Appellant's Brief, Exhibit 9 to Return of Writ, Doc. No. 10, at 10). Appellant then cited *State v. Thompkins,* 78

Ohio St. 3d 380, 678 N.E. 2d 541 (1997), the only case cited anywhere in the brief.  In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review for manifest weight.    It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.  In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.   *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.  Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence.  *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief."  (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony.  *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.  See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The   court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. The portions of *Thompkins* cited by counsel make it very clear he is adverting to the test for manifest weight of the evidence, as opposed to sufficiency of the evidence. He cites *Thompkins* as holding:

> When the weight of the evidence is challenged, and appellate courts see it as a "thirteenth juror" and may register its disagreement with the determinations of the fact-finder. The appellate "court " reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts of the evidence, the jury clearly lost its way and created a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. the discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." From the last sentence quoted above, it is clear that we must accord substantial deference to the fact-finder, and reverse on a manifest weight review only in extraordinary cases.

(Appellant's Brief at 10[1]). The Brief continues: "Mr. Johnson submits that once this Court reviews the transcript of the trial and sits as a thirteenth juror that it will be clear that the jury lost its way with respect to the convictions and that the verdict of the jury should be reversed." *Id*.

The entire brief, based on this invitation to the Court of Appeals to act as the thirteenth juror, consists of arguing the weight of the evidence. Essentially, the evidence against Mr. Johnson consisted of the excited utterances of the victim at the time of the arrest, coupled with observations of the arresting officers. Neither officer directly observed any criminal act, although they observed and testified to a good deal of circumstantial evidence consistent with the alleged crimes. By the time of trial, the victim, who was the Defendant's girlfriend, had repudiated her excited utterances at the time of the arrest and testified for the defense. Her testimony was bolstered by that of her

---

[1] While the quoted language purports to be a direct quotation from *Thompkins*, it is in fact a paraphrase. It does not misstate the law, however.

psychologist with respect to medications she was prescribed and which could have interfered with her abilities to perceive and remember if taken in conjunction with alcohol. She offered exculpatory testimony which would, if believed, have explained away all the circumstantial evidence which the arresting officers directly observed. She did acknowledge on cross-examination her written statement at the time of the arrest which corroborated her excited oral utterances, but claimed the accusations were false because she wanted the police to remove Mr. Johnson from her home (Brief at 15, citing trial transcript at 229-232). Counsel concluded the Brief by stating "[i]t is submitted that given the facts of this case as they were presented to the jury, that the jury clearly lost it's [sic] way and that the decision is against the manifest weight of the evidence." *Id*. at 19. At no point in the Brief did counsel argue that the State failed to offer evidence on any material element of any of the three crimes, which is the test for insufficiency of evidence.

When the Brief is considered as a whole, it is plain that the sufficiency of the evidence question was not fairly presented to the state courts. Petitioner's counsel cited no federal cases at all. His sole state case citation is to the leading Ohio case (*Thompkins*) for the distinction between manifest weight and sufficiency of the evidence claims, and he cited it for the weight of the evidence standard. His argument was phrased entirely in terms of state law and he argued the facts from the manifest weight perspective, rather than arguing the absence of evidence, as would have been material for a sufficiency of the evidence claim.

Because Petitioner failed to fairly present a sufficiency of the evidence claim to the state courts, he is barred from presenting it on federal habeas corpus. Thus the Petition should be dismissed with prejudice as procedurally defaulted.

**Analysis of the Merits**

Alternatively, the sufficiency of the evidence claim is without merit.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

Petitioner was convicted of abduction, attempted rape, and domestic violence. All of the evidence needed to prove each element of each of these offenses was presented at trial. The victim called 911 and asked for police assistance. When the police arrived, they heard her calling out

"Gary, stop." There was testimony sufficient to show that he prevented her from answering the door for a sufficiently long time that the officers had to force the door. She told them he had struck her and attempted to rape her anally. There was no dispute that she came within the class of persons protected by the domestic violence statute from violence committed by Petitioner. The question was whether the jury would believe her excited utterances or her later repudiation of her statements. Indeed, the recitation of evidence in Petitioner's Brief on direct appeal establishes the lack of merit in any sufficiency of the evidence claim.

Should the Court decide not to dismiss the case as procedurally defaulted, it should deny the sufficiency of the evidence claim on the merits.

## Conclusion

This habeas corpus case should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

June 16, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).